IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE DARREL RUTLEDGE,<br>　　　　Petitioner,<br>　vs.<br>ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,<br>　　　　Respondent(s). | No. C 07-3663 CRB (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docs # 2 & 3) |

　　　　Petitioner, a prisoner at the Alameda County Jail, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his recent conviction from the Superior Court of the State of California in and for the County of Alameda.

　　　　Before the superior court entered judgment on May 25, 2007, petitioner filed several petitions for a writ of habeas corpus and/or prohibition in the state courts. Most have been denied; however, his direct appeal is still pending in the California Court of Appeal, and a petition for a writ of habeas corpus in still pending in the Supreme Court of California.

　　　　Petitioner must exhaust state judicial remedies as to all claims before turning to the federal courts for habeas review. 28 U.S.C. § 2254(b),(c). This requirement is not satisfied if there is a pending post-conviction proceeding in state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). A would-be federal habeas petitioner

1  must await the outcome of all pending state post-conviction proceedings before his state
2  remedies are exhausted. <u>See id.</u> Even if the federal constitutional question raised by the
3  petitioner cannot be resolved in the pending state proceeding, that proceeding may result
4  in the reversal of the petitioner's conviction on some other ground, thereby mooting the
5  federal question. <u>See id.</u> (citations omitted). Petitioner must wait until his pending
6  direct appeal and habeas petition are resolved and exhausted in the state courts before
7  seeking habeas relief in federal court. Contrary to petitioner's suggestion, there are no
8  extraordinary circumstances in this matter compelling a different conclusion.

9      Accordingly, the instant petition is DISMISSED without prejudice to refiling a
10 new petition after all pending state post-conviction proceedings are completed.

11     The clerk shall close the file and terminate all pending motions (<u>see, e.g.</u>, docs #
12 2 & 3) as moot. No fee is due.

13 SO ORDERED.

14 DATED:   July 23, 2007

    CHARLES R. BREYER
15     United States District Judge

G:\PRO-SE\CRB\HC.07\Rutledge1.or1.wpd

2